IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74324-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LUIS A. UGALDE, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 16, 2018 |

SCHINDLER, J. — On May 20, 2010, Luis A. Ugalde pleaded guilty to intentional murder in the second degree. Ugalde argues that under State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015), the court erred by imposing restitution without inquiring into his ability to pay. We disagree, and affirm.

The State charged Luis A. Ugalde with intentional and felony murder in the second degree in violation of RCW 9A.32.050(1)(a) and (b) while armed with a firearm in violation of former RCW 9.94A.125 (1983) or former RCW 9.94A.602 (2001).[1] Ugalde pleaded guilty to intentional murder in the second degree. On June 2, 2010, the court imposed a standard range sentence of 200 months. The court imposed the $500

---

[1] RCW 9.94A.125 was recodified as RCW 9.94A.602 in 2001. LAWS OF 2001, ch. 10, § 6. RCW 9.94A.602 was recodified as RCW 9.94A.825 in 2009. LAWS OF 2009, ch. 28, § 41.

victim assessment fee, $200 criminal filing fee, and $100 DNA[2] collection fee. The court scheduled a restitution hearing for June 23.

On June 23, the court entered an "Agreed Order of Restitution." The court found, "There is a basis to impose restitution in this case according to the agreement of the parties" in the amount of $50,313.32. The court ordered restitution to be paid jointly and severally with Ugalde's codefendant, David A. Ugalde. The restitution order identifies the Washington State Crime Victim Compensation Program (CVC) as the recipient of the restitution.

On January 15, 2015, Ugalde filed a motion to modify restitution pursuant to CrR 7.8 and RCW 9.94A.753. Ugalde asserted the court exceeded its authority in calculating the amount of restitution because records from CVC showed the victim's actual loss was only $10,338.34. The court denied the motion. The February 13, 2015 order denying the motion to modify restitution states, in pertinent part:

> THE COURT FINDS that $50,338.34 [sic] was properly ordered as restitution to the Crime Victims Compensation Fund pursuant to the agreement of the parties in the order dated 6/23/10. Further, this restitution was properly ordered pursuant to RCW 9.94A.753(7) and State v. McCarthy, 178 Wn. App. 290[, 313 P.3d 1247] (2013) which require restitution to be made to the Fund for benefits paid to the victim under the crime victims' compensation act[, chapter 7.68 RCW].

On September 28, 2015, Ugalde filed a motion to modify or terminate legal financial obligations (LFOs) and interest. Ugalde cited State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015), to argue the court erred in imposing restitution without finding Ugalde has the ability to pay. The court denied the motion. The court ruled Ugalde may raise the issue of waiving interest after his release.

---

[2] Deoxyribonucleic acid.

2

Ugalde filed a notice of appeal on November 18, 2015. We treated the notice of appeal as a motion for discretionary review. A commissioner of this court ruled on the motion as follows:

> To the extent that Ugalde seeks review under Blazina and RCW 10.82.090, it appears that an appeal as of right is not available and he would be required to demonstrate review is warranted under RAP 2.3(b). But to the extent he seeks review of the trial court order denying his CrR 7.8 motion that collaterally attacked the restitution order as outside the agreement and/or outside the court's authority, it appears that review is available by appeal under RAP 2.2(a)(10).

The commissioner directed the parties to address the appealability issues as well as the substantive arguments.

Ugalde does not address the issue of appealability and does not challenge the court's order denying his CrR 7.8 motion. Instead, Ugalde relies on Blazina and City of Richland v. Wakefield, 186 Wn.2d 596, 380 P.3d 459 (2016), to argue the court erred by imposing restitution without considering his ability to pay. Even if review were warranted, neither Blazina nor Wakefield support Ugalde's argument.

The imposition of restitution is mandatory. RCW 9.94A.753(5) states, "Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property."[3] RCW 9.94A.753(7) states, "[T]he court shall order restitution in all cases where the victim is entitled to benefits under the crime victims' compensation act, chapter 7.68 RCW."[4] Subsection (7) of RCW 9.94A.753 is broader than subsection (5) and requires the court to impose restitution in all such cases without regard to the causation requirements of subsection (5). McCarthy, 178 Wn. App. at 300-01.

---

[3] Emphasis added.
[4] Emphasis added.

3

In Blazina, the court addressed the imposition of only discretionary LFOs and held RCW 10.01.160(3) requires the sentencing court to make an individualized inquiry into a defendant's ability to pay discretionary LFOs. Blazina, 182 Wn.2d at 837-38. Wakefield also did not address restitution or other mandatory fees. In Wakefield, the defendant moved under RCW 10.01.160(4) to remit only discretionary costs. Wakefield, 186 Wn.2d at 601. The court held the " 'manifest hardship' " standard for a motion to remit discretionary costs requires the court to consider the person's ability to meet basic needs. Wakefield, 186 Wn.2d at 605-06 (quoting RCW 10.01.160(4)).

Unlike discretionary LFOs, the legislature unequivocally requires the court to impose mandatory LFOs without regard to finding the ability to pay. State v. Shelton, 194 Wn. App. 660, 673-74, 378 P.3d 230 (2016); see State v. Lundy, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). The court was not required to inquire into Ugalde's ability to pay before imposing restitution under RCW 9.94A.753(7).

In his statement of additional grounds, Ugalde asserts the trial court exceeded its authority by awarding either restitution for uncharged crimes or restitution unconnected to the crime. RCW 9.94A.753(7) does not require a causal connection between the loss and the crime. See McCarthy, 178 Wn. App. at 300-01.

Ugalde also argues the court erred by failing to notify Ugalde that it denied his motion to terminate LFOs. On March 8, 2011, Ugalde filed a motion to terminate LFOs. Ugalde argued the court failed to make factual findings about his ability to pay before imposing LFOs. The court denied the motion to terminate LFOs on April 13, 2011. This

4

argument depends on matters outside the record.  See State v. Hecht, 179 Wn. App. 497, 511-12, 319 P.3d 836 (2014).

We affirm.

WE CONCUR: